Requestor: James L. Breen, Esq., Village Attorney Village of Farmingdale P.O. Box 220 Farmingdale, N Y 11735
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have indicated that you anticipate that a vacancy in the office of mayor will occur. The mayor's term of office began on April 6, 1992 and is four years in length. You have requested our advice as to the procedure for filling the vacancy.
Vacancies in the office of mayor are to be filled by the board of trustees. Village Law § 3-312(3). Under section 3-312 vacancies in elective offices are to be filled by appointment with the terms of such appointments depending upon the time of the vacancy.
 "If such vacancy occurs at least seventy-five days prior to the third Tuesday of the month preceding the end of the current official year, for the balance of such year.
 "If such vacancy occurs less than seventy-five days prior to the third Tuesday of the month preceding the end of the current official year, for the balance of the year and, if the term of office does not expire at the end of such year, by further appointment to the end of the next official year."
Id., § 3-312(3)(b)(1), (2).
The official year begins at noon on the first Monday of the month following the date of the general village election or the date such an election would have been held had elections been held annually. Id.,
§ 3-302(1). In your village, the election is held on the third Tuesday in March. Thus, the projected vacancy on January 30, 1993 will occur less than 75 days prior to the third Tuesday of the month preceding the end of the current official year.
In that the vacancy will occur within the 75-day period, the appointment is for the balance of the official year and, if the term of office does not expire at the end of that year, an appointment is to be made to fill the office until the end of the next official year. Id., § 3-312(3)(b)(2). In that the mayor's term of office does not end until 1996, an appointment would be made to fill the vacancy for the balance of the current official year and a further appointment would be made to fill the office for the next official year ending in Spring of 1994.
An election must be held prior to the expiration of the period of appointment, in March of 1994, to fill the office for the balance of the term. Id., § 3-312(4). If no general village election is scheduled at that time, a special village election is required to be held on the third Tuesday of the month preceding the end of the period of the appointment.
The apparent purpose of these provisions is to provide for the filling of vacancies in elective offices at the earliest possible election. N Y Const, Art XIII, § 3; Informal Opinion No. 92-22. The statute providing for the date of the vacancy to determine the duration of the appointment is designed to allow the necessary time to nominate candidates and put the election on the ballot at the earliest possible time.
We conclude that where a vacancy in the office of mayor occurs on January 30 in a village whose official year begins in April, the board of trustees is to fill the vacancy by appointment for the balance of the current official year, and if the term does not end at that time, by further appointment until the end of the next official year. An election is required to be held prior to the expiration of the period of appointment to fill the office for the balance of the term.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.